UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

MAR 1 9 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| GERALD L. ROGERS, | ) |
| Petitioner, | ) |
| v. | ) |
| UNITED STATES PAROLE COMMISSION, | ) |
| Respondent. | ) |

Case: 1:07-cv-00524
Assigned To : Unassigned
Assign. Date : 03/19/2007
Description: ROGERS V. US PAROLE COMMISSION

## TRANSFER ORDER

This matter comes before the Court on review of a *pro se* complaint and a motion to proceed *in forma pauperis*. Petitioner is incarcerated at FCI-La Tuna in Sheridan, Oregon. He is challenging the Parole Commissioner's disposition of his case.

Habeas corpus is the exclusive remedy for a federal prisoner bringing a claim that would have a "probabilistic impact" upon the duration of his custody. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988)(en banc); *see also Wilkinson v. Dotson*, 124 S.Ct. 1242, 1248 (2005)(habeas is exclusive remedy if success of an action "would necessarily demonstrate the invalidity of confinement or its duration"). If plaintiff were to succeed on his claim, it would have a direct affect on the duration of his custody.

Habeas corpus jurisdiction resides only in the district court where the prisoner is incarcerated *Rumsfeld v. Padilla*, 542 U.S. 426, 433 (2004). The warden where the petitioner resides is the custodian for purposes of habeas jurisdiction. *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1238 (D.C. Cir. 2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998).

Accordingly, it is

      **ORDERED** that the case is **TRANSFERRED** to the United States District Court for the District of Oregon. Whether plaintiff should be permitted to proceed *in forma pauperis* is a matter to be decided by the transferee court.

                                              United States District Judge

DATE: 3/8/07